UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUDEER HUSSAIN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, in his official capacity as Senior Warden of Otay Mesa Detention Center, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:26-cv-00194-RBM-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

　　　Pending before the Court is Petitioner Mudeer Hussain's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Administrative Procedure Act Relief ("Petition") challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For the reasons set forth below, the Court **GRANTS** the Petition.

## I.　　BACKGROUND

**A.　Factual Background**

　　　Petitioner is a native and citizen of Pakistan who entered the United States without inspection on January 5, 2025. (Doc. 1 ¶¶ 14–15.)[1]  That same day, Petitioner was

---

[1] The Court cites the CM/ECF electronic pagination for filings unless otherwise noted.

determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and taken into ICE custody. (Doc. 4 at 2.) About three months later, on April 15, 2025, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, which initiated removal proceedings under 8 U.S.C. § 1229a against him. (Doc. 4-1 at 2–3; Doc. 1 ¶ 18.) On September 17, 2025, the immigration judge denied Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered Petitioner removed to Pakistan. (*See* Doc. 4-1 at 6–9.) Petitioner appealed the immigration judge's order, and that appeal is pending. (Doc. 1 ¶ 19.) Because Petitioner's immigration proceedings remain pending, he has not received a final order of removal. (*Id.* ¶ 21; Doc. 4 at 2.) Petitioner remains detained in Otay Mesa Detention Center today. (Doc. 1 ¶ 17.)

**B.     Procedural Background**

Petitioner filed his Petition on January 13, 2026. (Doc. 1.) The next day, the Court set a briefing schedule. (Doc. 2.) Respondents filed a Return to Petition for Writ of Habeas Corpus ("Response") (Doc. 4) on January 21, 2026, and Petitioner filed a Reply to Respondents' Return to Habeas Petition ("Reply") (Doc. 5) on January 22, 2026.

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.     DISCUSSION

The Parties agree that Petitioner is subject to mandatory detention under 8 U.S.C.

§ 1225(b).  (Doc. 1 ¶¶ 17, 37; Doc. 4 at 1.)  Accordingly, the issue before the Court is whether, under the circumstances of this case, applying the mandatory detention provisions of § 1225(b) violate Petitioner's due process rights.[2]

Petitioner argues that, even though he is mandatorily detained, his "prolonged detention . . . has not been justified through any constitutionally sufficient procedure, and . . . statutory mandatory-detention provisions cannot override due process limitations." (Doc. 1 ¶ 49.)  Respondents argue that "section 1225(b)(2) mandates [Petitioner's] detention until the [immigration] proceedings have concluded," and that "even if the Court infers a constitutional right against prolonged mandatory detention, Petitioner's claim still fails."  (Doc. 4 at 5–10.)

The Court agrees with Petitioner that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process, and that Petitioner's detention has become unreasonably prolonged.

**A.    Due Process**

Respondents argue that the Supreme Court "addressed the due process rights of inadmissible arriving noncitizens seeking initial entry into the United States" and "stated that such individuals have no due process rights 'other than those afforded by statute.'" (Doc. 4 at 7 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020).)

"Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of

---

[2]  Respondents also argue that the Court lacks jurisdiction to hear the Petition under 8 U.S.C. § 1252(g).  The Court has consistently rejected this argument, *see Constantinovici v. Bondi*, — F. Supp. 3d —, 2025 WL 2898985, at *3 (S.D. Cal. Oct. 10, 2025), and does so again here for the same reasons.  Petitioner "seeks only to compel the government to honor the statutory and constitutional limits on detention." (Doc. 5 at 5.)  He is thus enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, — F. Supp. 3d —, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025) (emphasis in original).

1  arriving aliens subject to mandatory detention under Section 1225(b)(1)." *Gao v. LaRose*, — F. Supp. 3d —, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025); *see Mendoza-Linares v. Garland*, Case No.: 21-cv-1169-BEN (AHG), 2024 WL 3316306, at *2 (S.D. Cal. June 10, 2024) ("Petitioner has no Fifth Amendment right to a bond hearing pending his removal proceedings."); *St. Charles v. Barr*, 514 F. Supp. 3d 570, 579 (W.D.N.Y. 2021) (same); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 667 (S.D. Tex. 2021) (same).

"Most courts have ruled otherwise." *Gao*, 2025 WL 2770633, at *3 (collecting cases); *accord Abdul-Samed v. Warden of Golden State Annex Det. Facility*, Case No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for citizens detained under 8 U.S.C. § 1225(b), . . . essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process."); *A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever."). The Court thus "joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

**B.   Prolonged Detention**

Although Respondents disagree that the Court should reach this issue, they agree with Petitioner that, if the Court reaches it, the three-factor balancing test in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022), is the proper framework for analyzing a due process challenge to prolonged detention. (Doc. 4 at 8–10; Doc. 5 at 8–10.) The Court notes, however, that the *Lopez* court analyzed those factors in the § 1226 context. *See Lopez*, 631 F. Supp. 3d at 879 ("To determine whether § 1226(c) detention has become unreasonable . . . ."). Therefore, the Court applies the six-factor balancing test used by

courts analyzing prolonged detention under § 1225(b). *See Kydyrali*, 499 F. Supp. 3d at 773. These factors share significant overlap with the *Lopez* factors, and the Parties have adequately briefed them.

Under this test, the Court considers:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Gao*, 2025 WL 2770633, at *4.

As to the first factor, which has been described as "the most important," *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), Petitioner has been detained for nearly 13 months. (Doc. 4 at 2.) Respondents argue that "the length of Petitioner's detention falls comparatively short of the length courts in this district have found to warrant habeas relief." (*Id.* at 9 (collecting cases finding detention unreasonably prolonged after 27 to 42 months).) As another court in this District noted, though, "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases and finding that a nearly 13-month detention weighed in favor of the petitioner). Having reviewed these cases, the Court finds that this factor favors Petitioner.

As to the second factor, Petitioner argues that although his merits hearing is scheduled for March 3, 2026, "there is no guarantee that Petitioner's removal or release will follow promptly," as the Board of Immigration Appeals ("BIA") "has not even set a briefing schedule yet, and appeals to the BIA typically take several months to over a year to resolve." (Doc. 5 at 8–9 (citing Executive Office for Immigration Review statistics indicating a "substantial backlog of administrative appeals").) Respondents argue that after the March 3, 2026 hearing, Petitioner's "path to release or removal should be clear." (Doc. 4 at 9.) The Court finds that "the undetermined, but likely significant, period of mandatory detention through the appeals process" weighs in favor of Petitioner. *Gao*, 2025

WL 2770633, at *4; *accord Abdul Kadir*, 2025 WL 2932654, at *5; *Masood v. Barr*, Case No. 19-cv-07623-JD, 2020 WL 96533, at *3 (N.D. Cal. Jan. 8, 2020) ("The BIA appeal . . . [is a] perfectly legitimate proceeding[] he is legally entitled to pursue," and the respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved," which "could lead to further proceedings that might take up many more months, or even years.").

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Petitioner alleges that conditions at Otay Mesa Detention Center include "lack of adequate medical care, restricted communication with his family and counsel, and intimidation by certain facility staff." (Doc. 1 ¶¶ 26–29.) As multiple other courts have found, detention at Otay Mesa Detention Center is "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted). This factor weighs in Petitioner's favor.

As to the fourth and fifth factors, the Court finds that neither Petitioner nor Respondents caused delays in the removal proceedings. Although Petitioner argues that "DHS itself delayed initiation of removal proceedings for more than three months" after his initial detention, an immigration judge made a decision regarding several of Petitioner's requests for relief on September 17, 2025. (*See* Doc. 4-1 at 6–9); *see Gao*, 2025 WL 2770633, at *4 (finding no delay caused by the government where the petitioner "received a merits hearing before an immigration judge less than seven months after his arrest").

As to the sixth factor, Petitioner's applications for asylum, withholding of removal, and CAT relief were all previously denied. (Doc. 4-1 at 6–7.) This makes it more likely that the removal proceedings will result in a final order of removal. *Cf. Abdul Kadir*, 2025 WL 2932654, at *5 (finding that the petitioner's grant of asylum was a strong indication that he would not receive a final order of removal). This weighs against Petitioner.

Four of the six factors, including "the most important" one, weigh in Petitioner's favor. Therefore, the Court finds that Petitioner's detention under § 1225(b) has become

unreasonably prolonged and that due process requires that he be provided with a bond hearing. In light of this finding, the Court declines to reach the remaining grounds for relief raised in the Petition.

### IV.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly, Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **fourteen (14) days** of entry of this Order to determine whether his continued detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight.[4] If no hearing occurs within fourteen days of entry of this Order, Petitioner shall be released from Respondents' custody.

**IT IS SO ORDERED.**

DATE:  January 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[4] This relief has been granted in similar matters. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Gao*, 2025 WL 2770633, at *5; *Abdul Kadir*, 2025 WL 2932654, at *6.